UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:14-cv-00194-JAW |
| | ) |
| GREGORY A. SWANTON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR ORDER TO APPOINT RECEIVER**

In a civil suit brought by the federal government against both an individual and corporate defendant, respectively, in which the court previously entered default judgment allowing the federal government to sell real property to reduce to judgment the individual defendant's unpaid federal tax liabilities, the plaintiff now moves the court to issue an order appointing a receiver to take possession of, market, and sell the property. Concluding the government has satisfied its burden for the appointment of a receiver, the Court grants the government's motion and separately issues an order appointing receiver.

**I.    BACKGROUND**[1]

On August 17, 2011, the United States of America (Government) filed a civil action against Gregory A. Swanton in the United States District Court for the District of New Hampshire, seeking to reduce to judgment Mr. Swanton's unpaid federal tax

---

[1] Unless otherwise specified, all docket entries referenced in this order come from *United States v. Gregory A. Swanton, et al.*, No. 2:14-cv-000194-JAW.

liabilities for the 2005 tax year. *United States of America's Compl.* ¶ 5 (ECF No. 1) (*Compl.*); *see also United States of America v. Gregory A. Swanton*, No. 1:11-cv-00407-JL, *United States of America's Compl.* (ECF No. 1). On December 12, 2011, United States District Judge Joseph N. Laplante issued a final judgment in that case against Mr. Swanton for unpaid federal tax liabilities in the amount of $79,999.23, plus statutory additions and interest beginning as of November 15, 2011. *Compl.* ¶ 6; *see also United States of America v. Gregory A. Swanton*, No. 1:11-cv-00407-JL, *Final J.* (ECF No. 7) (*D.N.H. Final J.*).[2]

On May 7, 2014, the Government filed a civil action in this Court pursuant to 26 U.S.C. §§ 7401 and 7403 against Mr. Swanton and 63 English Range Road, LLC (collectively, the Defendants). *Compl.* The Government sought to "(1) establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of the Gregory A. Swanton . . . including certain real property commonly known as 9 Old Cutts Road, Kittery, Maine"; "(2) declare that the defendant 63 English Range Road, LLC, is the alter ego of the Taxpayer Gregory Swanton, or in the alternative that it is the nominee of Gregory Swanton"; and "(3) [] enforce federal tax liens upon the property described in this complaint, title of which is held in the name of the LLC, with such property to be sold at a judicial sale." *Id.* at 1. Summons were returned executed by each Defendant, respectively, on August

---

[2]   The Government's complaint in this matter reports that final judgment was entered in *United States of America v. Gregory A. Swanton*, No. 1:11-cv-00407-JL on December 13, 2011; however, that case's docket indicates final judgment was issued on December 12, 2011. *Compare Compl.* ¶ 6 *with United States of America v. Gregory A. Swanton*, No. 1:11-cv-00407-JL, *Final J.* (ECF No. 7).

2

27, 2014.  *Summons Returned Executed* (ECF No. 5) (as to Gregory A. Swanton); *Summons Returned Executed* (ECF No. 6) (as to 63 English Range Road, LLC). Neither Defendant filed an answer within the twenty-one days of being served provided by Federal Rule of Civil Procedure 12.  FED. R. CIV. P. 12(a)(1)(A).

The Government moved for entry of default against each Defendant respectively on August 27, 2014, *Pl. United States' Req. for Entry of Default of Def. Gregory A. Swanton* (ECF No. 7); *Pl. United States' Req. for Entry of Default of Def. 63 English Range Road, LLC* (ECF No. 8), and the Clerk of Court granted the Government's motions on the same day.  *Order* (ECF No. 9).

On September 25, 2014, the Government moved for default judgment against both Defendants.  *Pl. United States' Appl. for Entry of Default J. Against Defs. Gregory A. Swanton and 63 English Range Road, LLC* (ECF No. 10).  Judge D. Brock Hornby, then the presiding Judge over this matter, issued default judgment on September 26, 2014 and ordered, adjudged, and decreed that:

1. The plaintiff United States of America has a valid and subsisting federal tax lien, securing the income tax liabilities of defendant Gregory A. Swanton for the 2005 income tax year, on all property and rights to property belonging to the defendant Gregory A. Swanton, including any property held by his nominees and/or alter egos;

2. The defendant 63 English Range Road, LLC, is the alter ego of the defendant Gregory A. Swanton;

3. The defendant 63 English Range Road, LLC, holds title to real property located at 9 Old Cutts Road, Kittery, Maine, described more fully in Paragraph 8 of the Complaint, as the nominee of the defendant Gregory A. Swanton;

4. Pursuant to 26 U.S.C. § 7403, the plaintiff United States of America is entitled to enforce the federal tax lien referenced in Paragraph 1,

3

      above, through a judicial sale of real property located at 9 Old Cutts Road, Kittery, Maine. After the costs of sale are satisfied, and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6) are paid, the proceeds of the sale shall be distributed first, to the plaintiff United States of America, to apply toward the income tax liabilities of the defendant Gregory A. Swanton for the 2005 income tax year, and second, to the defendant 63 English Range Road, LLC.

    5. A separate order for sale will be entered.

*Default J.* (ECF No. 11) (formatting amended).

Over a decade later, on April 4, 2025, the Government filed a motion pursuant to 26 U.S.C. §§ 7402(a) and 7403(d) seeking the court-ordered appointment of Michael Carey of TAP Realty Solutions, 257 Deering Avenue, Portland, Maine as receiver to take possession of, market, and sell the real property located at 9 Old Cutts Road, Kittery, Maine (the Property), attaching a memorandum of law and a proposed order. *United States' Mot. to Appoint Receiver to Market and Sell Real Prop.* (ECF No. 13) (*Gov't's Mot.*); *id.*, Attach. 1, *United States' Mem. of Law in Support of Mot. to Appoint Receiver to Market and Sell Real Prop.* (*Gov't's Mem.*); *id.*, Attach. 2, *[Proposed] Order Appointing Receiver (Gov't's Proposed Order*). On May 13, 2025, the Court issued an order to the Government to respond to whether the amount of Mr. Swanton's tax liability, included in the Government's motion for receivership but not the proposed order, should be included in the Court's order. *Order to Respond* (ECF No. 14). The Government responded in compliance on May 19, 2025, informing the Court that "the United States does not require the amount owed that is set forth in its motion to be included in the Court's forthcoming order as that can be addressed (we submit more

4

appropriately) at the time of a sale." *United States' Resp. to Order (ECF No. 14)* at 1 (ECF No. 15) (*Gov't's Resp. to Order*).

## II. THE GOVERNMENT'S MOTION AND PROPOSED ORDER TO APPOINT MICHAEL CAREY RECEIVER

### A. The Government's Motion and Memorandum of Law

The Government now moves for entry of an order appointing Mr. Carey as receiver to take possession of, market, and sell the Property, arguing "when confronted with the choice of remedies to enforce the United States' tax liens, appointment of a receiver is warranted under federal law so that the judicial sale more closely resembles a sale by an owner using a real estate broker and thus approximates market value, which maximizes the reduction in indebtedness of the taxpayer-judgment debtor." *Gov't's Mot.* at 3. The Government proposes that, if the Court grant the Government's motion and the Property is marketed and sold, should such agreement be approved by the Court, the net proceeds of the sale will be distributed to, in order, the normal costs and expenses of the sale; the local real estate taxes; the United States, to apply towards the income tax liabilities of Mr. Swanton as determined by Judge Laplante, up to the amount of $131,991.93, plus any statutory additions, including interest, accrued from and after March 7, 2025, through the date of distribution; and, finally, any remaining proceeds shall be held in the Registry of the Court and distributed as the Court shall further direct by separate order. *Id.* at 3-4.

Turning to its legal argument in support of its motion, the Government first submits the Internal Revenue Code grants the Court the power to issue "orders

5

appointing receivers, and such other orders and processes . . . as may be necessary or appropriate for the enforcement of the internal revenue laws," including the power to "appoint[] receivers." *Gov't's Mem.* at 2 (quoting 26 U.S.C. § 7402(a)). Further, it says, § 7403(d) of the Internal Revenue Code expressly provides that, "at the instance of the United States, the court may appoint a receiver to enforce [a] lien." *Id.* (quoting 26 U.S.C. § 7403(d)). The Government asserts this Court has the necessary authority and jurisdiction to issue an order appointing a receiver to enforce federal tax liens and any decrees "necessary or appropriate for the enforcement of the internal revenue laws." *Id.* (quoting 26 U.S.C. § 7402(a)).

Next, the Government reports that it often asks courts to appoint local real estate agents as receivers to sell property when enforcing federal tax liens "because the procedure mirrors a sale by an owner and results in realization of full market value less customary closing costs with the receiver's compensation equal to a customary real estate agent's commission." *Id.* at 3 (citing, e.g., *United States v. Newman*, 742 F. Supp. 3d 8, 14-16 (D. Me. 2024)). Stating that it "has some concern that, due to Mr. Swanton's long history of payment avoidance in this dispute," the Government asserts "a judicial sale of the subject property may be the only means to satisfy the judgment amount" and concludes "the sale mechanism that maximizes recovery is in both the government's interest, as well as Mr. Swanton's, since his outstanding income tax liabilities will be reduced to greatest extent possible if the sales proceeds here are maximized by way of a receiver's sale." *Id.* at 4.

The Government requests the Court issue the draft order proposed by the Government and appoint Mr. Carey as receiver to enforce the tax lien against the Property, and, upon the Court's approval of sale, permit the Receiver to distribute the sale proceeds in accordance with the terms proposed by the Government. *Gov't's Mot.* at 4.

### B.  The Government's Proposed Order

As noted, the Government attaches a proposed order to its motion, proposing the Court issue an order (1) appointing Michael Carey as Receiver for the real property located at 9 Old Cutts Road, Kittery, Maine; (2) requiring all parties and their heirs, successors, or assigns, including but not limited to any persons who may be in possession of the Property by permission of the Defendants, cooperate fully with the Receiver and take all necessary actions to enable the Receiver to convey marketable title to the Property; (3) granting the Receiver "immediate and unrestricted access to the [P]roperty at all reasonable times of day," authorizing the Receiver to "take such steps as [he] deems appropriate to preserve, protect, and secure the [P]roperty, with the Receiver to be reimbursed for the costs of such steps from the sale proceeds, provided that the United States must pre-approve any expenditures of over $1,000"; (4) requiring that the Property be sold in a manner consistent with judicial sales as contemplated by 26 U.S.C. §§ 7402(a) and 7403(b); (5) requiring any persons occupying the Property to vacate and depart within thirty days of the service of this order, and authorizing the United States to coordinate with the United States Marshals Service to "take all actions that are reasonably

necessary" to eject any person who fails or refuses to vacate the Property by such date, or to "intervene in any way they deem necessary to stop the damage or waste without further order or authorization from the Court"; (6) directing the Receiver to visit the Property and attempt to ascertain if there are any occupants within, no earlier than twenty-one days following entry of this order; (7) prohibiting Mr. Swanton from doing anything to interfere with the rights or responsibilities of the Receiver, including his right to sell the Property for marketable title; (8) the provision of specific terms governing the Receiver's sale of the Property; (9) determining the order of distribution of sale proceeds; and (10) providing for the Receiver's compensation. *Gov't's Proposed Order* ¶¶ 1-19.

### III. LEGAL STANDARD

26 U.S.C. § 7402(a) confers upon "district courts . . . such jurisdiction to make and issue in civil actions . . . orders appointing receivers . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The remedies described in 26 U.S.C. § 7402(a) "are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws." *Id*. The authority granted by 26 U.S.C. § 7402(a) "has been construed broadly, to allow courts the full panoply of remedies necessary to effectuate the enforcement of the federal tax

laws." *United States v. Bartle*, No. IP 01-0769-C-B/S, 2001 U.S. Dist. LEXIS 22934, at *15 (S.D. Ind. Jan. 16, 2001).

In the context of federal tax lien enforcement, "at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity." 26 U.S.C. § 7403(d). The First Circuit has expressly approved the appointment of a receiver under 26 U.S.C. § 7403 to enforce the internal revenue laws. *Goldfine v. United States*, 300 F.2d 260, 261-62 (1st Cir. 1962). "When a request is made for an appointment of a receiver under [26 U.S.C. § 7403(d)], the Government needs only to make a prima facie showing that a substantial tax liability probably exists and that the Government's collection efforts may be jeopardized if a receiver is not appointed." *In re McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994) (citing *United States v. O'Connor*, 291 F.2d 520, 525 (2d Cir. 1961); and *Florida v. United States*, 285 F.2d 596, 598 (8th Cir. 1960)); *accord United States v. Newman*, 699 F. Supp. 3d 81, 88-89 (D. Me. 2023) (applying the two-prong test articulated in *In re McGaughey*).

Together, 26 U.S.C. §§ 7402(a) and 7403(d) provide courts with "broad discretion to appoint a receiver to liquidate property subject to federal tax liens to assist the United States in the collection of taxes." *United States v. Scherer*, 532 F. Supp. 3d 485, 489 (S.D. Ohio 2021). Within this discretion, courts have "the power to authorize a receiver to conduct a sale of rights or property in a manner similar to the way they would be sold in the commercial market." *Id.*

9

## IV. DISCUSSION

As default judgment has been entered against Mr. Swanton and he has not appeared to dispute the Court's authority to appoint a receiver, the Court independently considers whether the Government has satisfied its burden. In a similar case, observing that the First Circuit has not articulated a test for appointing a receiver pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), this Court noted that other circuits have held that the Government must make a prima facie showing that (1) "a substantial tax liability probably exists" and (2) "the Government's collection efforts may be jeopardized if a receiver is not appointed." *Newman*, 699 F. Supp. 3d at 88 (citing *In re McGaughey*, 24 F.3d at 907) (in turn citing *O'Connor*, 291 F.2d at 525; *Florida*, 285 F.2d at 598). In *Newman*, the Court determined that "since all the circuits that have adopted a test appear to adhere to the same test, the Court adopts that test for purposes of adjudicating the present motion." *Id*. The Court follows the same approach here.

In the instant case, ruling on the record before it, the Court concludes the Government has made both required showings. First, the Court readily concludes the Government has established "a substantial tax liability probably exists." *In re McGaughey*, 24 F.3d at 907; *accord Newman*, 699 F. Supp. 3d at 88. Indeed, unlike in *Newman*, where the Court granted a motion seeking a prejudgment order appointing a receiver, here, the District of New Hampshire has already issued a final judgment holding Mr. Swanton liable to the Government for unpaid federal income taxes. *D.N.H. Final J.* Moreover, in this proceeding, Judge Hornby on September

10

26, 2014 entered default judgment against Mr. Swanton, similarly concluding "[t]he plaintiff United States of America has a valid and subsisting federal tax lien, securing the income tax liabilities of defendant Gregory A. Swanton for the 2005 income tax year, on all property and rights to property belonging to the defendant Gregory A. Swanton . . .." *Default J.* at 1.  Based on these demonstrated liabilities, the Court concludes the Government has satisfied the first prong of the *In re McGaughey* test.

Turning to the second prong, the Court also determines the Government has sufficiently established that "[its] collection efforts may be jeopardized if a receiver is not appointed." *Newman*, 699 F. Supp. 3d at 88 (citing *In re McGaughey*, 24 F.3d at 907).  On this issue, the Government asserts, first, that this and other courts have "endorsed the use[] of real estate agents as receivers so that the [G]overnment can maximize its recovery of delinquent taxes," *Gov't's Mem.* at 3 (citing, e.g., *Newman*, 742 F. Supp. 3d at 14-16), noting "a sale of the property on the open market may more closely approximate fair market value of the property than a judicial sale by auction." *Id.* (quoting *United States v. Smith*, No. 1:99-cv-974-TSH, 2008 U.S. Dist. LEXIS 96869, at *34 (S.D. Ohio Nov. 19, 2008) (citation corrected)).  The Court again agrees. *See Newman*, 699 F. Supp. 3d at 90 ("Indeed, the Court finds that it is far more likely that [the property] will garner a higher sales price if [a local realtor] actively markets it on the open market, than if [the bank] forecloses the residence and sells it at a duly noticed public sale").

The Government raises a second point on this prong, which the Court also finds persuasive.  The Government avers "Mr. Swanton, despite actual notice of the

judgments entered against him, has failed, neglected, or refused to make any payments towards the judgment debt entered against him, and so the United States is now seeking to enforce the terms of the Court's prior judgment, by arranging for the judicial sale of the subject property. . ..." *Gov't's Mem.* at 2. The Government additionally proffers that it "has some concern that, due to Mr. Swanton's long history of payment avoidance in this dispute, a judicial sale of the subject property may be the only means to satisfy the judgment amount." *Id.* at 4. The Court concludes, given the delay, the Government's concerns are reasonable and Mr. Swanton's two-decade long avoidance of paying his 2005 income taxes, including his default in this case commenced in 2014, supports the Government's assertion that its collection efforts may be jeopardized absent a receivership.

Having determined that the Government has satisfied its burden of justifying the appointment of a receiver, the Court takes an additional moment to address the significant period of dormancy in this case between Judge Hornby's entry of default judgment on September 26, 2014 and the Government's motion for order appointing receiver on April 4, 2025. A general tax lien arises under 26 U.S.C. § 6321 when a taxpayer fails to pay a federal tax liability, after assessment and notice are given and demand upon the taxpayer is made. *See* 26 U.S.C. § 6321. 26 U.S.C. § 6322 provides "[u]nless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C.

§ 6322; *see also United States v. VoShelle*, 2024 U.S. Dist. LEXIS 61864, at *10-11 (M.D. Fla. Apr. 4, 2024). The First Circuit explained that a lien becomes "unenforceable by reason of lapse of time" upon expiration of the [ten-year] statute of limitations for the collection of an assessment, 26 U.S.C. § 6502(a), but if the government brings suit within that time the period is extended, and a judgment in favor of the government extends the life of the lien indefinitely." *Rodriguez v. Escambron Dev. Corp.*, 740 F.2d 92, 94 n.3 (1st Cir. 1984) (citing *United States v. Overman*, 424 F.2d 1142, 1147-48 (9th Cir. 1970)).

Here, the Government commenced its action against Mr. Swanton in this District on May 7, 2014, within the ten-year statute of limitations for collection on unpaid 2005 federal income taxes, and received an order of default judgment on September 26, 2014. As the Government received a judgment in its favor, this "extends the life of the lien indefinitely," *Rodriguez*, 740 F.2d at 94 n.3, and the Government is permitted by statute to seek an order appointing a receiver. The Court now grants the Government's motion.

Finally, the Court adopts the Government's proposed order and does not include the amount of Mr. Swanton's tax liability in the order appointing receiver, agreeing with the Government that the amount of Mr. Swanton's tax liability will be most accurately determined at the date of sale. *Gov't's Resp. to Order* at 2 ("The fact that Mr. Swanton's tax liabilities accrue interest that is compounded daily until it is paid in full illustrates why the United States does not require the balance due as of March 7, 2025, to be included in the Court's order appointment a receiver"); *id.* ("as

13

of now, we do not know what date the closing will be . . ., so we cannot project the amount that will be due at a future, undefined date").

## V. CONCLUSION

The Court GRANTS United States' Motion to Appoint Receiver to Market and Sell Real Property (ECF No. 13), APPROVES of the language of the proposed Order submitted by the Government, and ORDERS that the order, as proposed by the Government, be separately docketed in accordance with this order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2025